PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 27 2023

NATHAN OCHSNER
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE __SOUTHERN__ DISTRICT OF TEXAS

__BROWNSVILLE__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

LUIS FERNANDO PUENTE
_____
PETITIONER
(Full name of Petitioner)

WAINWRIGHT UNIT, TDCJ-CID
_____
CURRENT PLACE OF CONFINEMENT

vs.

02306524
_____
PRISONER ID NUMBER

BOBBY LUMPKIN
_____
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

B-23-052-
_____
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☒ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

   197th; Cameron

2. Date of judgment of conviction: 12/13/2019

3. Length of sentence: 60 years

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _____

   2019-DCR-0374

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☒ Yes   ☐ No

8. Did you appeal the judgment of conviction?   x☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

   13th _____   Cause Number (if known): 13-20-00014-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

   What was the date of that decision? 6/17/2021

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: IAC

   Result: Refused

   Date of result: 10/21/2021   Cause Number (if known): PD-0505-21

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   N/A

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 197th; Court of Criminal Appeals

    Nature of proceeding: 11.07

    Cause number (if known): WR-94,590-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: __01/17/2023__

Grounds raised: __IAAC; IAC__

Date of final decision: __Pending__

What was the decision? __N/A__

Name of court that issued the final decision: __N/A__

As to any <u>second</u> petition, application or motion, give the same information:  __N/A__

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   (b) Give the date and length of the sentence to be served in the future: _____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☒ No

**Parole Revocation:**   N/A

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**   N/A

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☐ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: <u>To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.   **GROUND ONE:** Ineffective Assistance of Counsel on appeal in violation of U.S. Const.Amends. VI & XIV

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
(a) Rabb was ineffective on appeal for not mastering the record **and** not following procedure in Tex.R.App.Proc 34.6(f). Trial counsel filed a motion to suppress and after hearing it the 197th states "I'm going to deny the motion to suppress without explanation." (7RR111). Juarez exchanges with the 197th "I would request the Court make findings of fact and conclusions of law with regards to this particular issue. THE COURT: We'll do it, Mr.Juarez." Id. Puente/Juarez are the losing party who requested the FFCL and those were missing in the appellate record. Rabb was required to notify the appellate Court that the record was void of said FFCL so that he could raise the proper issue of trial court error in denying the motion to suppress. The appellate court would have no choice but to abate, send back to the trial court to make the madatory and requested FFCL so that they could decide the case on fact, not assumptions. Instead Rabb challenged

( continued  (see additional page 6-A)

B.   **GROUND TWO:** Ineffective Assistance of Counsel at trial in violation of U.S. Const.Amends. VI & XIV.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
(a) Juarez failed to file a pre-trial motion for severance. Puente was indicted for one count of Continuous Sexual Assault under Penal Code §21.02(b) and four counts of Possession of Child Pornography under PC§43.26(d).
Puente is not arguing this issue because of the sentencing factors. Puente's argument pertains to allowing the jury to hear about unadjudicated crimes that were not relevant to the conviction of the more serious, Continuous. It is clear that the State strategically joined these complainants and charges to harm Puente's substantial rights and unfairly prejudice his chance at a fair trial.
At trial there was no medical evidence, no physical evidence, but only vague testimony elicited by the prosecution. KC testified at trial, on direct, and cross and **never** once

(continued see additional pages 6-B and 6-C)

GROUND ONE (continued)...

the denial erroneously arguing that the officers lacked exigent circumstances to seize the cellphone. The 13th COA states (see Mem.Op.@13-14):

> "However on appeal, Puente does not challenge this basis for the trial court's ruling. Instead he argues that the officers lacked exigent circumstances to seize his cell phone."

Rabb didn't master the record. First, Rabb didn't notify the COA that the FFCL that were requested were not included in the appellate record as required by the Rules. Second, Rabb raised a ground that was quickly denied (not even reviewed) because "Instead, he argues that the officers lacked exigent circumstances...Puente has not challenged **all grounds** relied upon by the trial court..."Id.

Puente's appeal was not worthy of confidence, was determined under an incomplete record and was frivolously argued, due to inattention and/or ignorance and this is unreasonable.

The state court's decison rejecting Puente's federal claim was contrary to or involved an unreasonable application of clearly established Federal Law, or resulted in a decision based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding.

**(b)** Rabb was ineffective for not challenging all of the grounds of error in the denial of Puente's Motion to Suppress.

At the suppression hearing Juarez argued that the relative who retrieved the phone did not reside there therefore had no right to enter the property making the phone illegally seized. 7RR105. The 13th COA stated in their condensed version (see Mem.Op.@13-14) that Rabb did not argue the ground correctly thus forfeiting the argument in turn getting Puente's appeal affirmed.

Had Rabb argued all grounds properly he would have had to have the FFCL that were missing in order to do so. Had he argued how the trial court erred by denying the motion based on the relative entering a home where she had no property interest thus making the phone illegally seized, there is probability the outcome of the appeal would have been different.

The state court's decision rejecting Puente's federal claims was contrary to or involved an unreasonable application of clearly established Federal Law, or resulted in a decision based on an unreasonable determination of facts in light of the evidence presetented in the state court proceeding.

GROUND TWO (continued)...

in some discernable manner described any offense ever. KC never once told the jury about any penetration, touching, licking, nothing at all. The State used the pictures to plea to the passions of the jury—if he has the pictures...then he definitely sexually abused the victims....

Had Juarez filed this pre-trial motion the 197th would have been obligated to hold this hearing that is mandatory to decide if the charges should be severed based on the unfair prejudice the pictures would impose on Puente's jury.

The state court's decision rejecting Puente's federal claim was contrary to or involved an unreasonable application of clearly established Federal Law, or resulted in a decision based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding.

(b) Juarez should have also filed a pre-trial motion because the state in it's indictment alleged two complainants in one count not meeting the essential elements required for the Continuous charge. The introduction of the second complainant served only to inflame the passions of the jury—not a legitimate purpose as the second complainant alleged a non-sex act, and not two as mandatory per the statute (PC§21.02(b)).

The second complainant remembers "seeing like a shadow" (7RR150) a shadow, not seeing Puente but a shadow touching her vagina while sleeping on a bed between her brother and sister. In the indictment the State alleged one act of sexual abuse "Indecency with a child...engage in sexual contact with CC8...,by touching the genitals of CC8..." (see CR 5-6). Cc was only joined to prejudice Puente and bolster KC's allegations. The State clearly overcharged Puente not supported with probable cause, in bad faith, and for this exact reason.

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxx

(c) Juarez failed to object to the prosecution's non-compliance with a disciplinary rule and/or "ethical reasons" violating his substantial, fundamental and constitutional rights.

The state charged Puente with almost every available "sex act" available within the purview of the PC§21.02(c). SANE nurse Sonja Eddleman testified that KC13 stated in relevant part "he put his middle part in my back part,...and my front part." (8RR115-116). KC13 did not describe any sexual assault while on the stand but did circle the buttock's area on a girl's body drawing (zero in reference to vagina penetration) and the penis area on a boy's body drawing.(8RR115-116). Nothing else, no description of any sexual assault told to KC's mother, father, aunt, CAC interviewer Lilia Ramos, nothing. There is no

6-B

thing in any medical records, police investigations, SANE interviews, CAC interviews that describe Puente causing the mouth of KC13 to contact his sexual organ; AND/OR causing the sexual organ of KC13 to contact his mouth; AND/OR touching her genitals with his hand.

How can the State charge Puente with crimes never even alleged? The prosecutor's case must be supported by probable cause, and there is none according to the records. How can the DA charge an act that is unreasonable and unbelievable? The DA did this to influence the Grand and Trial Juries decisions, and this is not fair.

The state court's decision rejecting Puente's federal claim was contrary to or involved an unreasonable application of clearly established Federal Law, or resulted in a decision based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding.

C.  **GROUND THREE:** _____N/A_____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.  **GROUND FOUR:** _____N/A_____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21. Relief sought in this petition: Puente asks this Honorable Court to remand for a new trial based on the ineffective assistance of trial and appellate counsel, and any other relief warranted.

_____

_____

_____

_____

–7–

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____ N/A _____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☒ Yes   ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.   State Habeas 11.07; CCA; 01/17/2023

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
Derrik A. Juarez (Deceased)

(a) At preliminary hearing: State Bar #24044920; 902 E. Madison St; Brownsville, Texas, 78520

(b) At arraignment and plea: _____ same _____

(c) At trial: _____ same _____

(d) At sentencing: _____ same _____

BARRAZA & RABB, PLLC
(e) On appeal: 1650 Paredes Line Road, Suite 104, Brownsville, TX 78521

(f) In any post-conviction proceeding: _____ same _____

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____same_____

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____N/A_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__March 20, 2023_____ (month, day, year).

Executed (signed) on __03/20/2023_____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: __Wainwright Unit; 2665 Prison Rd. 1, Lovelady, TX  75851__

-10-

LUIS FERNANDO PUENTE<br>
#2306524 WAINWRIGHT UNIT<br>
2665 PRISON RD 1<br>
LOVELADY, TEXAS 75851

March 20, 2023

U.S. Dist. CLERK
Southern District
600 E.Harrison St.  RM 101
Brownsville, Texas 78520

Re: Motion for Leave/§2254 Application

Dear Clerk,

I hope your week is going well. Clerk, I've enclosed a Motion for Leave and an Original Petition §2254 for presentment to this Honorable Court. I've also enclosed an application In Forma Pauperis with a TDCJ 6-month print out for presentment as well, please and thank you.

Clerk, should I have done something outside of procedure please return the items and I will correct asap. Clerk, offenders in this institution do not have access to a copier. I am sending you the originals, if there is a way to send me a copy and/or a price I would appreciate you even more, thank you. I've enclosed a copy of this cover letter labeled "Puente's Copy" if you would at least file date-stamp my copy and return via the SASE enclosed, thank you, you are appreciated.

Have a great week,

*Luis Fernando Puente*

ENCLOSURES: SASE (1X)
　　　　　　　Cover Letter (2X)
　　　　　　　Motion for Leave (1 pg.)
　　　　　　　App. §2254 (13 pgs.)
　　　　　　　App. In Forma (2 pgs.)
　　　　　　　6-month Print out (1 pg)

Luis Fuente
#02306524
Wain Wright Unit
2665 Prison Rd #1
Love Lady TX 75851

MAIL
United States District Court
Southern District of Texas
MAR 27 2023
RECEIVED
Nathan Ochsner, Clerk of Court

United States Dist. CLERK
Southern Dist.
Brownsville Div.
600 E. Harrison St. RM 101
Brownsville, TX 78520